"Determination of this question is not a matter of proceeding according to the usual dictionary definitions of the words 'active' and 'passive'. These words are terms of art and they must be applied in accordance with concepts worked out by courts of review upon a case by case basis. Under appropriate circumstances, inaction or passivity in the ordinary sense may well constitute the primary cause of a mishap or active negligence [citation]. It has been appropriately stated that 'mere motion does not define the distinction between active and passive negligence.'"

■■ We have reviewed the record to detemine whether the necessary difference in the degree of culpability exists here to warrant the shifting of the entire burden from one tort-feasor to the other (*Reynolds v. Illinois Bell Telephone Co.*, 51 Ill.App.2d 334, 201 N.E.2d 322), and we have concluded that the negligence of defendants cannot be characterized as passive so as to permit a transfer of the responsibility from them to Hammer for injuries to which they contributed. See *Carver v. Grossman*, 55 Ill.2d 507, 305 N.E.2d 161.

Additionally, a third-party complaint must disclose a pretort relationship upon which a duty to indemnify may be predicated. (See *Muhlbauer v. Kruzel*, 39 Ill.2d 226, 234 N.E.2d 790.) No such relationship between defendants and Hammer is alleged here.

For these reasons, we conclude that it was not error to dismiss defendants' third-party action.

For the reasons given, the judgment is affirmed.

Affirmed.

DRUCKER and LORENZ, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEFF D. TRULL, JR., Defendant-Appellant.

(No. 59658; ■■■■■)

First District (5th Division)—February 28, 1975.

875 

876

PER CURIAM.

Elliott T. Price, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Donald M. Devlin, Assistant State's Attorneys, of counsel), for the People.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARL BENIFIELD, a/k/a CHARLES JOSEPH BENIFIELD (Impleaded), Defendant-Appellant.

(No. 59709;

First District (5th Division)—February 28, 1975.